Nov. Term,
1855.

LENT
v.
KNOTT.

*Per Curiam.*—The judgment is affirmed with costs.

*W. T. Otto* and *J. S. Davis*, for the appellant.

*T. W. Gibson*, for the appellee.

---

## LENT and Others *v.* KNOTT.

Complaint upon a promissory note. Answer, payment, accompanied by an interrogatory requiring the defendant to state whether the note had not been paid, which the Court ordered should be answered in 120 days. Reply, denying payment. The cause having been called for trial on the day for which it was docketed, the defendants asked a continuance till the next term, in order to obtain the plaintiff's answer, but made no affidavit that anything could be proved by such answer, nor that they could not prove the payment of the note by other witnesses. Continuance refused, &c. Trial by the Court, and finding and judgment for the plaintiff. It seems that the defendant was not a resident of the county where suit was brought.

*Held,* that the continuance was correctly refused.

*Held,* also, that the order, as to the time when the defendant should answer, should properly have been delayed till the question concerning a continuance had been disposed of; but that it was necessarily contingent upon that event.

*Tuesday,*
*December* 11.

APPEAL from the *Steuben* Circuit Court.

PERKINS, J.—Suit upon a promissory note. The defendants answered as follows:

" The defendants admit the execution of said note, and say they fully paid said sum of money in said complaint in this behalf aforesaid, to said complainant, on the first day of *April,* 1854, at the county aforesaid. This they verify.

" And the said defendants propound the following interrogatory to the said plaintiff, *Adam Knott,* and require him to answer the same upon his oath, to-wit:

" Did the defendants pay the said sum of money to the plaintiff as above alleged ?"

Replication to the answer, that the defendants had not paid the note.

It was ordered that the plaintiff should answer the defendant's interrogatory in one hundred and twenty days.

At the time the cause was set for trial, the plaintiff moved to take it up, but the defendants claimed that it should be continued till the next term for the answer of the plaintiff, but made no affidavit that anything would be proved in their behalf by his answer, nor that they could not prove the payment of the note by other witnesses. The Court proceeded to the trial of the cause, and rendered judgment for the plaintiff for the amount of the note.

It is insisted that because an interrogatory was on file unanswered, the Court was bound to continue the cause as matter of course.

We take it, in this case, that the plaintiff was not a resident of the county in which the suit was prosecuted; that he had transmitted the note to an attorney for collection.

The defendants admitted the validity of the note, but averred that it had been paid, and asked the plaintiff to answer if it had not been. The note made a *prima facie* case for the plaintiff. The answer sought from him by the defendants was to be used by them, like the deposition of a witness, as evidence to support their defence. They knew whether they had paid the note or not, and if they had not, his answer could be of no benefit to them.

We think they should have shown cause for a continuance by an affidavit that they had paid the note or a part of it. 2 R. S., p. 108, s. 322. There is no hardship in requiring such affidavit, while, on the other hand, a continuance can always be obtained in suits upon foreign notes, by the simple introduction of an interrogatory, and the collection thus unfairly delayed, if such requisition is not made. The order as to the time of the answer of the defendant, should properly have been delayed till the question of continuance was disposed of, but was necessarily contingent upon that event.

Nov. Term,
1855.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. L. Worden* and *C. Case*, for the appellants.

*A. Ellison*, for the appellee.